UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH DELLA SALA, BRYAN STEWARD,
JASON LOPERA, NICOLAS TASILLO and
ROBERT HUDSON, individually and on behalf
of others similarly situated,

    Plaintiffs,
vs.                                                                      Case No.: 8:09-cv-1304-T-17-TBM

ST. PETERSBURG KENNEL CLUB,
INC., d/b/a/ DERBY LANE,

    Defendant.
_____/

## ORDER ON PLAINTIFF'S MOTION TO CREATE A CONDITIONAL OPT-IN CLASS AND MOTION TO AUTHORIZE NOTICE TO PUTATIVE CLASS MEMBERS

THIS CAUSE is before the Court on Plaintiffs', JOSEPH DELLA SALA, BRYAN STEWARD, JASON LOPERA, NICOLAS TASILLO and ROBERT HUDSON, individually and on behalf of others similarly situated, Motion to Create a Conditional Opt-In Class and Motion to Authorize Notice to Putative Class Members (Dkt. 13) and Defendant's, ST. PETERSBURG KENNEL CLUB, INC., d/b/a DERBY LANE, response thereto (Dkt. 16).

### BACKGROUND and PROCEDURAL HISTORY

On or about June 19, 2009, Plaintiffs, JOSEPH DELLA SALA, BRYAN STEWARD, JASON LOPERA, NICOLAS TASILLO and ROBERT HUDSON, individually and on behalf of others similarly situated (hereinafter "Plaintiffs"), commenced an action against Defendant, ST.

PETERSBURG KENNEL CLUB d/b/a DERBY LANE (hereinafter "Derby Lane") in the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, State of Florida (Dkt. 2). Derby Lane removed this action from the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, State of Florida, to the United States District Court, Middle District of Florida, Tampa Division, pursuant to 28. U.S.C. §§ 1331, 1441, and 1446 (Dkt. 1). Plaintiffs, current and former employees of Derby Lane, brought a collective action on behalf of themselves and all other similarly situated employees of Derby Lane, to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201, et seq., Fla. Stat. § 448., in that Plaintiffs claim they should have been paid at the minimum wage rate (*Id.*).

Plaintiffs maintain that they and others similarly situated were poker dealers at the Defendant's casino, were "tipped" employees under the FLSA, and during their employment Defendant claimed a "tip-credit" for Plaintiffs and others similarly situated, and paid these employees below the statutorily required minimum wage under the FLSA (Dkt. 2). In addition, Plaintiffs allege that Defendant required Plaintiffs and other similarly situated to disburse ten percent (10%) of their tips to the Defendant's "non-tipped" employees pursuant to the FLSA (*Id.*). Plaintiffs also maintain that Defendant's willful failure to permit Plaintiffs and others similarly situated to retain all tips received results in Defendant's inability to claim a "tip-credit" for Plaintiffs and others similarly situated, and as such, Defendant is required to compensate Plaintiffs and others similarly situated, with at least minimum wage (*Id.*).

In Defendant's Answer and Affirmative Defenses, Defendant denies any acts or omissions of Defendant that gave rise to any liability to Plaintiffs or other under the FLSA or Florida Law (Dkt 8). Plaintiffs subsequently filed a Motion to Create a Conditional Opt-In Class and Motion to Authorize Notice to Putative Class Members, (Dkt. 13) to which Defendant responded, (Dkt. 16) and this Court must now consider.

## **STANDARD OF REVIEW**

The Fair Labor Standards Act (FLSA) provides, in pertinent part, that "[a]n action…may be maintained against any employer (including public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *29 U.S.C. § 216(b) (1996).* Thus, to maintain a collective action under the FLSA, Plaintiffs must demonstrate that they are similarly situated. *See [Anderson v. Cagle's Inc.](), 488 F.3d 945, 952 (11th Cir. 2007).* While not requiring a rigid process for determining similarity, the United States Court of Appeals for the Eleventh Circuit has sanctioned a two-stage procedure for district courts to effectively manage FLSA collective actions in the pretrial phase. The first step of whether a collective action should be certified is the notice stage. *[Anderson](), 488 F.3d at 952-53*; *[Hipp v. Liberty Nat'l Life Ins. Co.](), 252 F.3d at 1218*. This Court must now determine whether this first prong has been satisfied, and if so, whether other similarly situated employees should be notified.

3

A plaintiff has the burden of showing a "reasonable basis" for his claim that there are other similarly situated employees. *Anderson*, 488 F.3d at 952; *Grayson v. K Mart Corp.*, 79 F.3d at 1097; *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983). The United States Court of Appeals for the Eleventh Circuit has described the standard for determining similarity, at this initial stage, as "not particularly stringent," *Hipp*, 252 F.3d at 1214, "fairly lenient," *Id.* at 1218, "flexib[le]," *Id.* at 1219, "not heavy," *Grayson*, 79 F.3d at 1097, and "less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b)," *Id.* at 1096. *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1261 (11th Cir. 2008). Thus, this Court's broad discretion at the notice stage is constrained, to some extent, by the leniency of the standard for the exercise of that discretion.

The second stage is triggered by an employer's motion for decertification. *Anderson*, 488 F.3d at 953. At this point, the District Court has a much thicker record than it had at the notice stage, and can, therefore, make a more informed factual determination of similarity. *Id.* This second stage is less lenient, and the plaintiff bears a heavier burden. *Id.* (citing *Thiessen v. GE Capital Corp..*, 267 F.3d 1095, 1103 (10th Cir. 2001)). However, as this Court is now determining only the issue of whether conditional certification of this collective action should be granted, the second prong need not be considered and is included for contextual purposes only.

## DISCUSSION

Defendant, Derby Lane, alleges that Plaintiff's Motion failed to comply with Local Rule 3.01(g). This Court finds that Derby Lane's oppositional response, Defendant's Response Opposing Plaintiffs' Motion to Create a Conditional Opt-In Class and Motion to Authorize

4

Notice to Putative Class Members, to Plaintiff's Motion to Create a Conditional Opt-In Class and Motion to Authorize Notice to Putative Class Members, as evidence that there would have been no agreement had the parties conferred as Local Rule 3.01(g) requires. As such, this Court will overlook Local Rule 3.01(g) to promote judicial efficiency and in the interest of justice.

## I.     Aggrieved Individuals Exist

Participants in a § 216(b) collective action must affirmatively opt into the suit. *29 U.S.C. § 216(b)*. Plaintiffs have proposed a class definition of, "present and former employees of St. Petersburg Kennel Club, Inc. d/b/a Derby Lane, (Defendant) who worked as a Poker Dealer, or similar position within the last three (3) years." (Dkt. 13). At this stage of a collective action, the plaintiffs must demonstrate a "reasonable basis for crediting their assertions that aggrieved individuals exist in the broad class that they proposed." *Haynes v. Singer Co., Inc.* 696 F.2d 884, 87 (11th Cir. 1983).

In the instant case, over ten (10) former Poker Dealers who were employed by Derby Lanes have opted into this action. In addition, five (5) affidavits have been provided by Plaintiffs, in which the affiant stated that he or she was employed by Defendant as a Poker Dealer, that he or she received below minimum wage as a tip credit was claimed, that he or she was required to disburse ten percent (10%) of his or her tips, and that he or she knows of individuals who expressed interest in this case but were too scared to join this action because they are currently employed by Defendant. This Court believes that the affidavits, in addition to the plaintiffs who have already joined suit, establish a reasonable basis that aggrieved individuals exist within the proposed class definition.

5

## II. Employees Desiring Opt In are Similarly Situated

Plaintiffs must show that they are similarly situated to the opt-in plaintiffs "with respect to their job requirements and with regard to their pay provisions." *Epps v. Oak Street Mortgage LLC,* 2006 WL 1460273, *3 (M.D. Fla. May 22, 2006) (quoting *Dybach,* 942 F. 2d at 1567-1568). Plaintiffs "need show only that their positions are similar, not identical, to the positions held by the putative class members." *Id.* (quoting *Hipp*, 252 F.3d at 1217). In the present case, their exists a common factual nexus linking the putative class members to the Plaintiffs, in that both were required to disburse a portion of their tips to non-tipped employees of Derby Lane when a tip-credit was claimed. As such, this Court finds that the putative class members and Plaintiffs are similarly situated.

## III. Notice to Putative Class Members and Consent Forms

The consent given to become a party to a collective action pursuant to *29 U.S.C. § 216(b)* require very little. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. *29 U.S.C. § 216(b).* As Plaintiff's proposed Consent to Join Lawsuit as a Party Plaintiff form clearly allows a potential plaintiff to express his or her intent to join this action through written consent, this Court finds that Plaintiff's proposed consent form falls within the parameters of 29 U.S.C. § 216(b) and shall serve as notice upon the proposed class**. Such notice may only be issued to putative class member upon Plaintiffs' correction of the proper court in which this action is pending.**

## Conclusion

This Court finds that the vehicle of a collective action is superior to other available methods for the fair and efficient adjudication of the issues in this case. This Court is not aware of any other related litigation which is presently pending in other courts concerning these issues. The concentration of this litigation in one place will prevent other dockets from being clogged with multiple cases.

It appears to this Court that the judicial system, potential class members, the litigants, counsel for the parties, and the public will all benefit from notice of this opt-in class action suit because time and money of all parties will be efficiently used. Accordingly, it is

**ORDERED** that the Plaintiffs, JOSEPH DELLA SALA, BRYAN STEWARD, JASON LOPERA, NICOLAS TASILLO and ROBERT HUDSON, individually and on behalf of others similarly situated, Motion to Create a Conditional Opt-In Class and Motion to Authorize Notice to Putative Class Members be **GRANTED.** This Court grants conditional certification of the proposed class as a collective action pursuant to [29 U.S.C § 216(b)](29 U.S.C § 216(b)).

Further, Plaintiffs Notice of Collective Action Lawsuit will serve as the notice for this collective action. Defendant's are ordered to produce, within thirty (30) days of this order, a computer readable data file containing the names, addresses, and telephone numbers of the potential opt-in plaintiffs so that such notice may be issued. Upon Plaintiff's correction of the court of jurisdiction for their proposed consent form, and Defendant's compliance with production of names, addresses, and telephone numbers, notice is to be sent by first class mail to all similarly situated employees employed by Derby Lane in the position of Poker Dealer or positions with different titles but similar job duties and pay within the last three (3) years to

inform such persons of their right to opt-in as additional party plaintiffs.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 2nd day of March, 2010.

.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.