UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH DELLA SALA, BRYAN
STEWARD, JASON LOPERA,
NICHOLAS TASSILLO, and
ROBERT HUDSON, individually and
on behalf of others similarly situated,

    Plaintiffs,

v.                                    Case No.  8:09-cv-1304-T-TBM

ST. PETERSBURG KENNEL CLUB,
INC., d/b/a DERBY LANE,

    Defendant.
_____/

**O R D E R**

      This is a collective action initiated by five Plaintiffs, then current or former employees of Defendant, to recover unpaid compensation under the Fair Labor Standards Act (FLSA).  On March 2, 2010, the court certified a conditional class of present and former employees of Defendant who worked as poker dealers within the past three years.  After a notice period, numerous individuals consented to join the suit as opt-in Plaintiffs.

      On January 4, 2011, the court conducted a settlement conference attended by counsel for the parties and two members of the opt-in class.[1]  At the outset, counsel advised the court that a compromise settlement on all disputed issues had been reached.  Accordingly, the focus of the hearing turned toward the fairness of the settlement.  *See Lynn's Food Stores, Inc. v.*

---

[1] At the direction of the court, all members of the opt-in class were noticed for the hearing.

*United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982) (wherein the Eleventh Circuit explained that causes of action under the FLSA for past wages may be settled or compromised by the Department of Labor or when a district court enters judgment after scrutinizing the settlement for fairness).

By the settlement, the parties agree that each member of the opt-in class should receive compensation for losses for a two-year period with no provision for liquidated damages. Such reflects a compromise from Plaintiffs' original claims that Defendant willfully violated the minimum wage provisions of the FLSA such that damages for three years and liquidated damages were owed. Nonetheless, counsel for the parties urge that the settlement is the reasonable and fair resolution of their bona fide disputes under the FLSA.

I find that the settlement was reached after rather extensive discovery including nearly twenty depositions and examination of in excess of 5,000 documents. The dispute over Defendant's claim of a "tip credit" for the wages paid to its poker dealers remains a bona fide dispute. Discovery also suggests that Defendant made notable good faith efforts to assure that its pay practices were in compliance with the FLSA and thus the allegations for willful violation of the FLSA is in doubt. Plaintiffs' lead counsel is an experienced attorney in this area of the law. By his assessment after discovery, the settlement agreed upon is in line with what he could best hope for if the matter were litigated further. The risk to Plaintiffs was that the outcome could be far worse. The settlement was negotiated at arm's length with equally experienced defense counsel. Before agreeing on the settlement, each of the thirty-one opt-in Plaintiffs was contacted and expressed his or her approval of the compromised settlement

agreement. In exchange, each of the Plaintiffs will sign a release in favor of Defendant and all claims in this court will be dismissed. The matter of legal fees and costs were negotiated subsequent to the resolution of the Plaintiffs' claims and thus appear to have had no bearing on the underlying settlement for the opt-in class.

Upon consideration, the settlement is reasonable and fair in light of the circumstances and facts in this case. While this settlement compromises the claims for willful violations and contains no provision for liquidated damages, such was dictated by rather compelling evidence from Defendant of its good faith efforts to comply with the FLSA. The settlement agreement regarding fees and costs to Plaintiffs' counsel was negotiated separately, and there is no evidence that such matters had any impact on the underlying settlement. No Plaintiff has evidenced any complaints concerning the fees and costs settlement.

The parties anticipate payment to all Plaintiffs within thirty days with the procedures for disbursement still to be worked out. Upon completion of the settlement process, counsel shall notify the court through appropriate pleading.

**Done and Ordered** in Tampa, Florida, this 5th day of January 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record