UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH DELLA SALA, BRYAN
STEWARD, JASON LOPERA,
NICHOLAS TASSILLO, and
ROBERT HUDSON, individually and
on behalf of others similarly situated,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　Case No.  8:09-cv-1304-T-TBM

ST. PETERSBURG KENNEL CLUB,
INC., d/b/a DERBY LANE,

    Defendant.
_____/

**O R D E R**

THIS MATTER is before the court on the **Defendant's Motion to Enforce Court Approved Agreement with Plaintiff Blackburn** (Doc. 94) and Plaintiff, Kristopher Blackburn's response (Doc. 98).  By its motion, Defendant seeks an order directing Plaintiff Blackburn to sign the written settlement agreement reached by the parties, or alternatively, to make a finding that Plaintiff Blackburn is bound by the terms of the agreement regardless of whether he signs it.  Plaintiff Blackburn responds that although he initially consented to the terms of the settlement agreement, he thereafter decided he no longer wanted the settlement monies owed to him and did not want to sign the settlement agreement.  According to counsel, Plaintiff Blackburn is once again working as a card dealer in a local establishment and fears that his signing the settlement agreement could negatively affect his ability to retain his

current employment. (Doc. 98, ¶3). Plaintiff Blackburn requests that he not be forced to sign the agreement or be bound by its terms. A telephonic hearing on the motion was conducted March 22, 2011.

On January 4, 2011, the court conducted a settlement conference attended by counsel for the parties and two members of the opt-in class. Despite being provided notice of the hearing, Plaintiff Blackburn did not attend the settlement conference.[1] At the outset, counsel for the parties advised the court that a compromise settlement on all disputed issues had been reached. Accordingly, the focus of the hearing turned toward the fairness of the settlement. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982). The two members of the Plaintiffs' class who were present expressed their agreement with the settlement. At the conclusion of that hearing, the court found that the settlement was fair and reasonable in light of the particular circumstances and facts in the case. (Doc. 91 at 3).

In this Circuit, settlements are favored and encouraged "in order to conserve judicial resources." *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994). A district court "possesses inherent authority to enforce a settlement agreement." *Carpaneda v. Quayside Place Partners, LLP*, No. 09-20740-CIV, 2010 WL 2681383, at *1 (S.D. Fla. Apr. 12, 2010) (citing *Ford v. Citizens & S. Nat'l Bank*, 928 F.2d 1118, 1121 (11th Cir.1991)). "Because a settlement agreement is a contract, 'its construction and enforcement are governed by principles of Florida's general contract law.'" *Carpaneda*, 2010 WL 2681383, at *1 (quoting *Schwartz v. Fla. Bd. of Regents*, 807 F.2d 901, 905 (11th Cir. 1987)). To be

---

[1] At the direction of the court, all members of the opt-in class were noticed for the hearing.

enforceable under Florida law, "a settlement agreement 'must be sufficiently specific and mutually agreeable as to every essential element.'" *Long Term Mgmt., Inc. v. Univ. Nursing Care Ctr., Inc.*, 704 So. 2d 669, 673 (Fla. Dist. Ct. App. 1997) (quoting *Williams v. Ingram*, 605 So. 2d 890, 893 (Fla. Dist. Ct. App. 1992)).  By the motion, the parties stipulate that "Defendant and Blackburn do not dispute any of the terms of settlement approved by the Court or any language or provision of the confidential settlement agreement." (Doc. 94 at 2). There was no representation to the contrary at the hearing held on the motion.

Upon consideration, Defendant's Motion to Enforce Court Approved Agreement with Plaintiff Blackburn (Doc. 94) is **granted**.  The court is presented with neither a factual or legal basis supporting Mr. Blackburn's request that he not be bound by the settlement agreement.  Whether Mr. Blackburn chooses to sign off on the settlement and accept his proceeds thereunder is his choice.  Regardless, the court finds and further orders that Plaintiff Blackburn is bound by the terms of the settlement and any releases granted thereunder. Plaintiffs' counsel shall notify Mr. Blackburn of the court's Order and retain Mr. Blackburn's proceeds for a period of fourteen (14) days.  If Mr. Blackburn wishes to participate in the settlement, he may do so within that period.  If not, Plaintiffs' counsel shall return Mr. Blackburn's share of the settlement to the Defendant.

**Done and Ordered** in Tampa, Florida, this 22nd day of March 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record